UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAVEN BARNES,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2981

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se*[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following multiple orders issued by the Elizabeth Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

[1] Petitioner originally filed his petition *pro se*; counsel for Petitioner entered an appearance on October 25, 2026.

(Pet., ECF No. 1, PageID.7.) In an order entered on October 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 6.) Respondents filed their response and recordings of the September 24, 2025, and April 21, 2026, bond hearings on October 26, 2026, (Resp., ECF No. 7; Recording of Sep. 24, 2025 & Apr. 21, 2026, Bond Hearings, filed on Oct. 26, 2026), and Petitioner filed his reply on October 26, 2026. (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a citizen of Jamaica who entered the United States in 2011. (Notice to Appear (NTA), ECF No. 7-1, PageID.33.) On September 2, 2025, Petitioner was arrested by ICE in New York City. (2025 Form I-213, ECF No. 7-4, PageID.47.)

On September 24, 2025, Petitioner received his first bond hearing pursuant to § 1226(a). (Resp., ECF No. 7, PageID.20; Immigration Judge Order, ECF No. 7-6, PageID.51.) At the hearing, the immigration judge stated that "[t]he court is going to find that [Petitioner] has not met his burden to establish that he is not a danger to the community." (Recording of Sep. 24, 2025, Bond Hearing, at 7:20–7:25, filed on Oct. 26, 2026.) In the Immigration Judge's written order denying bond, the Immigration Judge stated: "[d]anger to the community." (Immigration Judge Order, ECF No. 7-6, PageID.51.)

On April 21, 2026, Petitioner received his second bond hearing pursuant to § 1226(a). (Resp., ECF No. 7, PageID.21; Immigration Judge Order, ECF No. 7-8, PageID.55.) At the hearing, the Immigration Judge denied Petitioner's request for bond, explaining that "[Petitioner] has not established he does not pose a danger." (Recording of Apr. 21, 2026, Bond Hearing, at 21:10–21:16, filed on Oct. 26, 2026.) In the Immigration Judge's written order following the hearing, the Immigration Judge stated that bond was denied because "[d]anger." (Immigration Judge Order, ECF No. 7-8, PageID.55.)

Thereafter, Petitioner filed a motion to reconsider his bond determination. (Resp., ECF No. 7, PageID.21.) On June 4, 2026, the immigration judge denied Petitioner's request and stated, "It is [Petitioner's] burden to establish he does not pose a danger." (Immigration Judge Order, ECF No. 7-9, PageID.58.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge